Argued September 10, affirmed September 23, 1964

# BUTLER *v.* WILHELM
## 395 P. 2d 447

*Duane Vergeer,* Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Deneoke, Justices.

SLOAN, J.

Plaintiff, in this case, was awarded a verdict and judgment for injuries he sustained in a rear-end collision. Defendant appeals.

The first assignment claims error because the court instructed that the driver of a motor vehicle shall not follow more closely than is reasonable and prudent under the circumstances existing as required by ORS 483.312. Defendant claims that there was no evidence which justified the instruction.

The accident happened at an intersection on Highway 101 in Coos Bay. Plaintiff had stopped his car in the left lane of the highway preparing to make a left turn into the intersecting street. After he had stopped, a pickup truck driven by a Mr. Poplin, approached the rear of plaintiff's car. Defendant's truck approaching from the rear of the pickup was unable to stop and collided with Mr. Poplin's pickup. The latter was forced into the rear of plaintiff's car, causing the alleged injuries. Defendant argues that defendant's truck was too far back to come within the "following too closely" rule.

The only evidence on the subject was given by Mr. Poplin and the driver of the defendant's truck. Mr. Poplin testified:

"A * * * * *

"Then, just as I come to Hill Street, I saw this car stop in front so I came to a stop. And, I heard brakes behind me so I looked in the rear view mirror and I saw this truck approaching and I real-

ized he wasn't going to get stopped so I tried to lay over on the floor.

"But, by that time he hit me and knocked me into the car in front of me.

"Q All right. When you looked in your rear view mirror, you heard the truck behind and you looked in the rear view mirror, now, about how far back was the truck would you figure?

"A Oh, seven or eight car's lengths.

"Q Had you gotten to a stop before you were hit, do you remember?

"A Yes, sir."

Defendant's driver testified:

"Q Just tell us what happened?

"A I was checking the mirrors to try to get back into the right lane and there was a pickup in front of me.

"And, I tried to stop, I hit the back end of it.

"Q You hit the back end of the pickup in front of you, now, was it stopped or moving?

"A I'm not sure if it was stopped or not."

The quoted testimony speaks for itself that the instruction was proper. No other discussion is necessary to conclude that there was no error.

Defendant further claims that the verdict was excessive and we should order a new trial by reason of the amount of the verdict. Every argument advanced by defendant was settled in *Van Lom v. Schneiderman,* 1949, 187 Or 89, 210 P2d 461, 11 ALR2d 1195.

Affirmed.